FILED
IN CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS       2003 DEC 17 P 12: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| EILEEN HELLER, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | Civil No. 03-12250-RGS |
| ) | |
| v. ) | |
| ) | |
| EILEEN HELLER, BARRY ROGOFF, ) | Formerly |
| INEZ DOLAN, JULIE ROSENFIELD, ) | Civil No. 03-E-0060GC1 |
| ELIZABETH HELLER, PAUL HELLER, ) | Essex County Probate & |
| JOHN HELLER, ROBERT M. HELLER, and ) | Family Court Department |
| COMMISSIONER OF INTERNAL REVENUE, ) | |
| ) | |
| Defendants. ) | |

## UNITED STATES' MEMORANDUM OF LAW
## IN SUPPORT OF ITS' MOTION TO DISMISS

The United States, by its undersigned counsel, hereby moves to dismiss the above-captioned complaint as the plaintiff has failed to establish a waiver of the United States' sovereign immunity, and has failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its claim, the United States asserts as follows:

### I. PLAINTIFF HAS NOT ESTABLISHED A WAIVER
### OF THE UNITED STATES' SOVEREIGN IMMUNITY

It is fundamental that the United States, as sovereign, may be sued only where Congress has expressly provided its statutory consent. See United States v. Dalm, 494 U.S. 596, 608 (1990). The limitations and conditions under which the Government waives its immunity to suit, moreover, must be

-3-

strictly construed. See Soriano v. United States, 352 U.S. 270, 276 (1957). When the United States is the defendant, the plaintiff has the burden of showing an explicit waiver of sovereign immunity. See Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993); Nat'l Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240 (10th Cir. 1989); Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987), cert. denied, 487 U.S. 1204 (1988). A lack of a waiver of sovereign immunity deprives the court of jurisdiction in all circumstances. See F.D.I.C. v. Meyer, 510 U.S. 471, 475-76 (1994).

Plaintiff has failed to show, and cannot show, that the United States has waived its immunity from suit in this proceeding. Therefore, this action must be dismissed.

## II. THIS CASE IS NOT RIPE FOR ADJUDICATION

Article III of the United States Constitution restricts the jurisdiction of the federal courts to "cases or controversies." If a case is not ripe for adjudication, then a federal court lacks jurisdiction to hear the case under Article III and must dismiss the case without reaching the merits. See, e.g., Warth v. Seldin, 422 U.S. 490, 499 n.10 (1975); O'Shea v. Littleton, 414 U.S. 488, 494 (1974); Portland Police Ass'n v. City of Portland, 658 F.2d 1272, 1273-74 (9th Cir. 1981). "'Ripeness is peculiarly a question of timing' . . . and a federal court normally ought not resolve issues 'involving contingent future events that may not occur as anticipated, or indeed, may not occur at all.'" Clinton v. Acequia, Inc., 94 F.3d 568, 572 (9th Cir. 1996) (internal citations omitted). The Supreme Court has directed courts in making a ripeness determination to consider the fitness of the issue for judicial review, and the hardship to the parties that would result from withholding consideration of the issue. See Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967). The Court in Abbott expressed the rationale of the ripeness

doctrine as, in part, to "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott, 387 U.S. at 148-49.

This case is not ripe for review. None of the necessary contingent future events have occurred at this time, and any decision based on those future events would be speculative at best. Moreover, even if the events happen precisely as the plaintiff indicates they might, the estate will still have options in challenging any determination made by the Internal Revenue Service; either an appeal to the Tax Court, or, if the plaintiff pays the tax, to the District Court. The trust and/or the estate will have a remedy at the proper time; they do not have one now.

### III. THE DECLARATORY JUDGMENT ACT BARS THE RELIEF SOUGHT IN THIS MATTER

To the extent that plaintiff is seeking a declaratory judgment, the tax exception to the Declaratory Judgment Act (28 U.S.C. § 2201) bars such relief.

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986* . . . any court of the United States upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not such further relief is or could be sought . . .

28 U.S.C. § 2201 (emphasis added). See also Commissioner v. Americans United, Inc., 416 U.S. 752, 759 (1974); Mitchell v. Ridell, 402 F.2d 842 (9th Cir.), cert. denied, 394 U.S. 456 (1969). A controversy is "with respect to" federal taxes if it calls into "question a specific provision of the Internal Revenue Code, or . . . a ruling or regulation issued under the Code." McCarthy v. Marshall, 723 F.2

-5-

1034, 1037 (1st Cir. 1983). In this case, the plaintiff's case concerns the application of Section 2041 of the Internal Revenue Code (26 U.S.C. § 2041), and the proper application of that section to a Trust. As such, plaintiff's claim for a declaratory judgment must fall.

In addition, the Declaratory Judgment Act, 28 U.S.C. § 2201, which serves as the basis for at least a part of the plaintiff's complaint, does not lessen the jurisdictional requirement that an actual controversy exist; rather the Act is interpreted as requiring the same showing required by Article III. See, e.g., Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272-73 (1941) Thus, the "mere possibility, even probability, that a person may in the future be adversely affected by official acts not yet threatened does not create an 'actual controversy'" as required by the Declaratory Judgment Act. Garcia v. Brownell, 236 F.2d 356, 358 (9th Cir. 1956), *cert. denied*, 362 U.S. 963 (1960). In this case, the Internal Revenue Service has taken no independent action against the plaintiff. Thus, the only purpose of this suit is to avoid potential tax liability which has not yet accrued.

### IV. TO THE EXTENT PLAINTIFF IS REQUESTING INJUNCTIVE RELIEF AGAINST THE UNITED STATES, THIS CLAIM ALSO MUST FAIL PURSUANT TO 26 U.S.C. § 7421(a)

To the extent that this complaint can be interpreted to request injunctive relief against the United States, the Anti-Injunction Act, 26 U.S.C. § 7421(a), prohibits suits to enjoin the assessment or collection of federal taxes. "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom the tax was assessed." 26 U.S.C. § 7421(a). The statute's purpose is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'and to require that the legal right to the disputed sums be determined

in a suit for refund." Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974) (quoting Enochs v. Williams Packing & Navig. Co., 370 U.S. 1, 7 (1962)). The Act ensures that once a tax has been assessed, the taxpayer has no power to prevent the IRS from collecting it; the taxpayer's only recourse is to pay the tax in full and then bring a refund action for any overpayment. See Bob Jones Univ., 416 U.S. at 736-37.

The Supreme Court has carved out two exceptions to the general rule that the Internal Revenue Service cannot be enjoined from assessing or collecting a tax. First, the Court held that an injunction could be maintained where a taxpayer can show that (1) under NO circumstances can the government ultimately prevail on the merits of the tax claim at issue; and (2) equity jurisdiction otherwise exists due to the threat of irreparable harm for which the taxpayer has no legal remedy.[1] See Williams Packing, 370 U.S. at 7. In Williams Packing, the Court emphasized that a showing of irreparable harm is not enough to grant an injunction; the focus must be on whether the government's action has any chance of success on the merits. See Williams Packing, 370 U.S. at 6-7.

The plaintiff's case does not satisfy the requirements established in Williams Packing. As did the petitioner's claim in Bob Jones, the plaintiff's claim rests mainly on an allegation of irreparable harm; that she may be found liable for increased estate tax deficiencies. In essence, the plaintiff argues that she wants the matter resolved now, rather than having to wait for the Internal Revenue Service to (properly) assert the tax liabilities. Williams Packing makes clear, however, that the plaintiff's proper

---

[1] An additional judicial exception to the Anti-Injunction Act was announced in South Carolina v. Regan, 465 U.S. 367, 381 (1984), where the Court held that the Act was not meant to apply where an aggrieved party "would be required to depend on the mere possibility of persuading a third party to assert its claims." This exception is not applicable here.

recourse if the Internal Revenue Service asserts an increased tax liability, is to petition to the Tax Court or to pay the liability and institute a refund action.

Finally, the plaintiff fails to make any showing that the Internal Revenue Service can under no circumstances ultimately prevail in a challenge. See Commissioner v. Shapiro, 424 U.S. 614, 628-29 (1975). By filing this suit the plaintiff has conceded that there may be some ambiguity in the interpretation of 26 U.S.C. § 2041; thus there *are* circumstances under which the Internal Revenue Service could prevail, and the plaintiff has failed to establish an exception to the Anti-Injunction Act.

## V. THE PLAINTIFF FAILED TO SERVE THE UNITED STATES

In cases involving the Internal Revenue Service, the real party in interest is the United States of America. See Blackmar v. Guerre, 342 U.S. 512, 514 (1952); In re Laughlin, 210 B.R. 659, 660 (U.S.B.A.P. 1st Cir. 1997); and In re Morrell, 69 B.R. 147, 149 (Bkr. N.D. Cal. 1986). Therefore, in cases where the relief is sought against the Internal Revenue Service, the United States must be properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure. Rule 4(b)(4) states, in pertinent part, that service shall be made "[u]pon the United States, by mailing a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and also the Attorney General of the United States at Washington, District of Columbia . ." The requirement to serve the Attorney General and the United States Attorney is not a technical exercise. The Department of Justice is charged with the supervision of all litigation in which the government is a party, and the appropriate service of process is required to promulgate that procedure. See In re Morrell, 69 B.R. at 149. Improper service alone constitutes grounds for dismissal of the action, insofar

- 8 -

as the court lacks jurisdiction over the United States. See, e.g., Messenger v. United States, 231 F.2d 328 (2d Cir. 1956).

In this case, the Plaintiff failed to serve properly the United States after the action was commenced in state court. Once the action was removed to this Court, the Federal Rules of Civil Procedure supplanted sate procedural rules. See Fed. R. Civ. Pro. 81(c). It appears that following removal neither the Attorney General of the United States, nor the local United States Attorney were served with a copy of the complaint. Furthermore, inasmuch as the action was originally filed on or before August 21, 2003, more than 120 days ago, it is appropriate that the United States be dismissed from the action as provided by Rule 4(m) of the Federal Rules of Civil Procedure.

## CONCLUSION

For each of the reasons identified above, this action must be dismissed, or the United States must be dismissed as a party, as the plaintiff has failed to establish a waiver of the United States' sovereign immunity, has failed to state a claim upon which relief can be granted, and has failed to serve the United States.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

LYDIA D. BOTTOME
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Motion to Dismiss and Accompanying Memorandum of Law has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 16th day of December, 2003:

Robert Welch
17 Front Street
Salem, Massachusetts 01970

Francis T. Mayo
2 Salem Green
Salem, Massachusetts 01970

Julie Rosenfeld
7376 Pershing Street, 1st Floor
St. Louis, Missouri 63130

Elizabeth Heller
4912 McPherson Ave.
St. Louis, Missouri 63108

Paul Heller
2016 Forest Ave.
St. Louis, Missouri 63139

John Heller
7444 Lydown Blvd.
St. Louis, Missouri 63139

Donald Jacobs
28 Grand Street
Hartford, Connecticut 06106

Barry Rogoff
1 Maywood Drive
Nashua, New Hampshire 03064

Eileen Heller
2 Saltonstall Way
Salem, Massachusetts 01970



_/s/ Lydia D. Bottome_
LYDIA D. BOTTOME
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560

- 11 -